949 So.2d 356 (2007)
S.H., the father, Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
No. 4D05-4835.
District Court of Appeal of Florida, Fourth District.
February 28, 2007.
Kevin G. Thomas, Hallandale, for appellant.
*357 Bill McCollum, Attorney General, Tallahassee, and Jeffrey P. Bassett, Assistant Attorney General, Fort Lauderdale, for appellee.
GROSS, J.
S.H., the father, appeals the final order adjudicating his two minor children dependent and asserts there was no competent substantial evidence to support the adjudication. Because we find that the evidence was insufficient to establish by a preponderance of the evidence that the children were neglected or in substantial risk of imminent neglect, we reverse.
The state based its allegations of neglect and imminent risk of neglect on the father's unstable housing and employment, and the father's inability to provide the minor children with basic necessities, such as food, clothing, and shelter. Under Florida law a child is neglected when it is either deprived of "necessary food, clothing, shelter, or medical treatment," or "permitted to live in an environment when such deprivation or environment causes the child's physical, mental, or emotional health to be significantly impaired." See § 39.01(43), Fla. Stat. (2005). However, "the foregoing circumstances shall not be considered neglect if caused primarily by financial inability unless actual services for relief have been offered to and rejected by such person." Id.
The lower court's adjudication of dependency is centered on the father's financial inability to provide for his children. At most, the record establishes that the father could not afford stable housing and did not have steady employment. While these circumstances may serve as grounds for an adjudication of dependency, in the instant case they cannot, because the evidence at bar does not disclose any offer of services which were rejected by the father. See Brown v. Feaver, 726 So.2d 322, 324 (Fla. 3d DCA 1999) ("[H]omelessness, derived solely from a custodian's financial inability, does not constitute abuse, neglect, or abandonment unless the Department offers services to the homeless custodian and those services are rejected"). Because the evidence establishes that the father's circumstances were "caused primarily by financial inability," and the children were not willfully deprived of food, clothing, shelter, or medical treatment, section 39.01(43) forbids a finding of neglect. Therefore, we reverse the lower court's order adjudicating the minor children dependent. See K.H. v. State Dep't of Health & Rehab. Servs., 527 So.2d 230 (Fla. 1st DCA 1988).
WARNER and TAYLOR, JJ., concur.